Loretta H. Rush, Chief Justice of Indiana
Pursuant to Indiana Admission and Discipline Rule 23 (12.1)(b), the Indiana Supreme *1014 Court Disciplinary Commission and Respondent have submitted for approval a "Statement of Circumstances and Conditional Agreement for Discipline" stipulating agreed facts and proposed discipline as summarized below.
Stipulated Facts: In 2011 and 2012, a home owned by "Siblings" was the target of repeated acts of vandalism, culminating in an act of arson that destroyed the home. Siblings contacted Respondent and another attorney for representation concerning the homestead and the mortgagee's failure to pay for repairs. Two meetings occurred between Siblings, the other attorney, and Respondent, the first in December 2012 and the second in February 2013. In the ensuing three-plus years, Respondent and the other attorney had little communication with Siblings and did virtually no work on their case. In August 2016, Respondent withdrew from the representation due to a rift between Siblings.
Violation: The parties agree that Respondent violated Indiana Professional Conduct Rule 1.3, which requires attorneys to act with reasonable diligence and promptness in representing a client.
Discipline: The parties propose the appropriate discipline is a public reprimand. The Court, having considered the submissions of the parties, now approves the agreed discipline and imposes a public reprimand for Respondent's misconduct.
The costs of this proceeding are assessed against Respondent. With the acceptance of this agreement, the hearing officer appointed in this case is discharged.
Done at Indianapolis, Indiana, on 12/6/2018.
All Justices concur.